# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **VIOLET STOVALL for JAMES S. STOVALL** | * | **DOCKET NO. 05-2159** |
| **VERSUS** | * | **JUDGE JAMES** |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT & RECOMMENDATION

Before the court is claimant's petition for review of the Commissioner of Social Security's denial of his applications for Disability Insurance Benefits and Supplemental Security Income payments. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings.

## Background & Procedural History

On November 7, 2003, James S. Stovall filed the instant claims for Disability Insurance Benefits and Supplemental Security Income payments. (Tr. 39-41). He alleged disability since October 17, 2003, due to lung cancer, surgery to remove part of his lung, arthritis, and difficulty hearing. (Tr. 39, 47). The claims were denied at the initial stage of the administrative process. (Tr. 26-30). Thereafter, Stovall requested, and received a February 24, 2005, hearing before an Administrative Law Judge ("ALJ"). (Tr. 172-190). On March 17, 2005, the ALJ issued a partially favorable decision. (Tr. 8-19). He determined that as of December 2, 2004, Stovall's impairment(s) met the requisite listing level severity, and thus he was disabled. *Id*. However, for the period prior to December 2, 2004, he determined at Step Five of the sequential evaluation process that Stovall was able to make an adjustment to work that exists in substantial numbers in the national economy. Stovall appealed the adverse portion of the decision to the Appeals

Council. On October 31, 2005, the Appeals Council denied Stovall's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 4-5).

On December 12, 2005, Stovall sought review before this court. He alleged the following errors:[1]

(1) the Commissioner erred in failing to consult a medical expert to establish claimant's disability onset date; and

(2) the Commissioner erred in failing to credit the opinions of claimant's treating physicians that he was disabled and unable to work.

## **Standard of Review**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232,

---

[1] Tragically, James Stovall passed away after suit was filed. On June 2, 2006, his surviving spouse, Violet Stovall, was substituted as plaintiff. (June 2, 2006, Order).

(5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5) If an individual is unable to perform past relevant work, then other factors

including age, education, past work experience, and residual functional
capacity must be considered to determine whether the individual can make
an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ found at Step Two of the sequential evaluation process that prior to December 2, 2004, claimant suffered from severe impairments of moderate obstructive ventilatory defect and status post-surgical removal of left lung cancer. (*See*, Tr. 14). He concluded that prior to December 2, 2004, claimant's impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. However, due to the recurrence of claimant's lung cancer and the emergence of a large mass in claimant's right kidney, the ALJ determined that beginning December 2, 2004, claimant's impairments met Sections 13.13B and 13.21B of the Listings of Medical Impairments, 20 C.F.R. Part 404,Subpt. P, App. 1.[2] The ALJ premised his disability onset determination upon the first evidence that claimant's cancer had returned: a December 1, 2004, chest x-ray documenting an eight to ten millimeter nodule in the left apex of plaintiff's lung. (Tr. 17, 158). Plaintiff argues that the cancer did not simply reappear overnight and that a medical expert should have been consulted to establish the date of recurrence.

---

[2] Effective December 12, 2004, the regulations were amended and the listing for lung cancer was simplified and re-designated as Section 13.14. *See*, 69 FR 67018, 67038.

4

The revised regulations confirm that disability can be established prior to the date of the evidence demonstrating that a malignancy meets a listing. § 13.00J, 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2005). To do so, the Commissioner must consider: 1) the type of malignancy and its location; 2) the extent of involvement when the malignancy was first demonstrated; and 3) the claimant's symptoms. *Id*. Moreover, Social Security Ruling 83-20 states that

> [t]o establish onset of disability prior to the time a malignancy is first demonstrated to be inoperable or beyond control by other modes of therapy (and where prior evidence is nonexistent) requires a medical judgment by a physician. (At the hearing level, the ALJ should obtain an expert opinion from a medical source.) This judgment is based on medically reported symptoms, the type and location of the specific malignancy, and extent of involvement when first demonstrated.

SSR 83-20.[3]

The Fifth Circuit has also recognized that "in cases involving slowly progressive impairments, when the medical evidence regarding the onset date of a disability is ambiguous and the [Commissioner] must infer the onset date, SSR 83-20 requires that that inference be based on an informed judgment. The [Commissioner] cannot make such an inference without the assistance of a medical advisor." *Spellman*, 1 F.3d at 362.

In short, the instant ALJ should have consulted a medical expert. *Id*.[4] In the absence of such input, the ALJ's disability onset determination is not supported by substantial evidence.[5]

For the foregoing reasons,

---

[3] Social Security Rulings are "binding on all components of the Administration." *Spellman v. Shalala*, 1 F.3d 357, 361 (5th Cir. 1993)(quoted source omitted).

[4] No evidence prior to the December 1, 2004, x-ray has been identified that would permit a non-medical professional to establish the onset date of claimant's recurrent and/or non-operable cancer.

[5] Plaintiff also contends that the ALJ erred by failing to adequately address opinions by his treating physicians that he was disabled and unable to work. (Tr. 136, 157). However, a physician's statement that a claimant is "disabled" or "unable to work" is not a medical opinion, and is not afforded any special significance. 20 C.F.R. § 404.1527(e); *see also, Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). In any event, this issue can be addressed upon remand.

**IT IS RECOMMENDED** that the Commissioner's decision denying disability benefits and supplemental security payments prior to December 2, 2004, be **REVERSED and REMANDED** for further proceedings as set forth herein.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 26th day of January, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE